UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
CATHERINE L. BLOOMBERG,         :    CASE NO. 1:06-CV-0733
                                                :
           Plaintiff,                       :
                                                :
vs.                                          :    ORDER & OPINION
                                                :    [Resolving Doc. No. 45]
JACOB A.H. KRONENBERG,        :
                                                :
           Defendants.                    :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Defendant, Jacob A.H. Kronenberg ("Kronenberg"), files a motion for summary judgment. The Plaintiff opposes this motion. For the following reasons, the Court **DENIES** in part and **GRANTS** in part the Defendant's motion.

## I. BACKGROUND

The instant case arises out of the Defendant's previous legal representation of the Plaintiff, Catherine Bloomberg, during the course of the domestic relations matter of *Peter Smilovits v. Catherine Smilovits*. [Doc. 1.] In that underlying action, which was adjudicated in the Cuyahoga County Court of Domestic Relations, the Plaintiff retained Defendant Kronenberg sometime after July 13, 2004. *Id.* The Defendant thereafter represented Plaintiff Bloomberg through April 2005 when the parties settled the underlying divorce proceedings. *Id.* In the underlying divorce proceedings, the parties primarily contested the total value of the marital estate. *Id.*

Specifically, the parties disputed the value of the marital home, located at 4240 Giles Road

Case No. 1:06-CV-733
Gwin, J.

in Moreland Hills, and vacant land jointly owned by the parties in Moreland Hills. *Id.* The Plaintiff retained an expert who valued the marital home at $750,000 and the vacant Moreland Hills property at $1.5 million. *Id.* In contrast, the Plaintiff's husband used an expert who valued the marital home at $475,000 and the vacant land at $270,000. *Id* The parties ultimately accepted the lower real estate values articulated by the Plaintiff's husband in settling the underlying action, despite the fact that (1) the Plaintiff's husband had previously listed the vacant land for sale at $1.685 million and entered into an agreement to sell it for $695,000; and (2) an expert appraised the marital home before litigation at $720,000 and the Plaintiff's husband admitted in a pretrial pleading that the home was worth $625,000. [Doc. 51, Exhibit 4.]   Additionally, the settlement did not incorporate marital properties located in Denver, Colorado and South Euclid, Ohio that the Plaintiff contends are collectively worth in excess of $300,000. [Doc. 1.]

On March 30, 2006, the Plaintiff filed this legal malpractice case against the Defendant, alleging that his representation in the Plaintiff's divorce proceedings breached the professional standard of care owed to the Plaintiff. *Id.*  In her complaint, the Plaintiff says that the Defendant committed malpractice by failing to (1) seek disqualification of the trial judge in the divorce proceedings after the judge expressed some preliminary opinions regarding the likely value of some of the real estate contested by the parties; and (2) contact an appraiser previously retained by the Plaintiff, Mr. Ruckstuhl, prior to trial or otherwise introduce evidence prepared by Mr. Ruckstuhl that indicated that the properties contested by the parties were worth more than the Plaintiff's husband contended. *Id.*

With respect to the issue of disqualification, the Plaintiff says that comments made by the trial court judge regarding the likely value of certain real estate indicated that the judge's views

Case No. 1:06-CV-733
Gwin, J.

biased her against Ms. Bloomberg. *Id.* Specifically, the trial judge noted in settlement discussions with both the parties that she was personally familiar with the area in which some of the contested real estate was located. Moreover, the trial judge expressed the view that she was preliminarily inclined to credit the Plaintiff's husband's real estate estimates over those of the Plaintiff's expert.

Regarding the second allegation of legal malpractice, the Plaintiff says that the Defendant's failure to even contact her expert appraiser constituted a breach of his professional duty. *Id.* As was noted above, the Plaintiff retained an expert prior the Defendant commencing his representation of the Plaintiff. *Id.* That expert appraised the contested marital properties at a significantly higher value than did the expert hired by Plaintiff's husband. After receiving the husband's appraisal, the defendant attorney never asked the Plaintiff's expert for comment on the appraisal provided by the husband's expert. The Defendant sought no further evaluation of the husband's appraisal before encouraging the settlement agreement – on the day that the underlying action was scheduled to go trial. As described, the settlement accepted the lower real estate valuations offered by the Plaintiff's husband. *Id.* In summary, the Plaintiff principally complains that the Defendant did not ask the Plaintiff's expert to review the opposing party's expert reports or otherwise discuss the opposing expert's opinions with the Plaintiff's expert prior to settling the underlying action. *Id.*

## II. LEGAL STANDARD

Summary judgment is appropriate where the evidence submitted shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Waters*

Case No. 1:06-CV-733
Gwin, J.

*v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin*, 150 F.3d 594, 597 (6th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id*.

Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *Id.* Nor can the nonmoving party "rest upon the mere allegations or denials of the adverse party's pleading." Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *National Enters., Inc. v. Smith*, 114 F.3d 561, 563 (6th Cir. 1997). "The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)); *see also Celotex*, 477 U.S. at 322. Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or

Case No. 1:06-CV-733
Gwin, J.

whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (internal quotations omitted).

### III. ANALYSIS

The Defendant Kronenberg says that he is entitled to judgment as a matter of law regarding the Plaintiff's claims. [Doc. 45.] First, the Defendant argues that the so called professional judgment rule bars the Plaintiff's legal malpractice action, saying an attorney can only be sued for negligence arising out of the settlement of an underlying matter where that attorney committed malpractice per se. *Id.* Second, the Defendant argues that his failure to seek disqualification of the trial judge in the underlying action cannot, as a matter of law, constitute malpractice because the trial judge's expression of preliminary opinions did not constitute bias or prejudice. *Id.* Finally, the Defendant argues that the Court should dismiss the Plaintiff's claims as a matter of law because the Plaintiff has failed to establish that she sustained any damages as a proximate result of the Defendant's conduct. *Id.* Specifically, the Defendant argues that the Plaintiff (1) has failed to provide any evidence that absent the alleged breaches of conduct committed by the Defendant the Plaintiff would have obtained a different or better result in the underlying action; and (2) has failed to present evidence of proximate cause through expert testimony, which the Defendant argues is required under Ohio law. *Id.* The Court considers each of the Defendant's arguments in turn.

**A.**     **Professional Judgment Rule**

As an initial matter, the Defendant first argues that he is entitled to judgment as a matter of law because the professional judgment rule precludes a plaintiff from bringing a legal malpractice action where the underlying action was settled. *Id.* According to the Defendant, the policy rationale

Case No. 1:06-CV-733
Gwin, J.

underlying this rule is that a lawyer's recommendation to settle is a strategic decision that generally should not be second-guessed through a malpractice action absent proof that an attorney committed malpractice per se. *Id.* There are two problems with this argument.

First, the Plaintiff's assertion in this case is not that the Defendant's strategic decision to recommend settlement constituted error. The Plaintiff's complaint does not focus on strategic choices of any kind. Rather, the Plaintiff alleges that the Defendant completely failed to represent the Plaintiff's interests through his inadequate preparation in the underlying divorce proceedings. [Doc. 1.] Stated otherwise, the substance of the Plaintiff's claim is that the Defendant's failure to even contact his expert prior to the set trial date, let alone prepare that expert to testify, constituted a gross abdication of his professional duties. *Id.* Accordingly, irrespective of the merits the Plaintiff's claim it is clear that the focus of this case is not on second guessing the type of tactical decisions that the Defendant argues the professional judgment rule is designed to protect.

Second, and more importantly, the Defendant's argument ignores the fact that Ohio has explicitly refused to adopt the professional judgment rule. For example, the Eight District noted, in *Koslen v. Chattman, Gaines & Stern,* that " . . . Ohio has not adopted the professional judgment rule asserted by [defendants], and . . . [w]e remain disinclined to do so today." 2001 WL 1035192 (8th Dist. No. 78781) at *11-12. In the face of this authority – and in light of the fact that the Defendant's counsel actually advanced and lost this argument in *Koslen* – the Defendant understandably attempts in its reply brief to backpedal from its previous assertion that Ohio has adopted the professional judgment rule. [Doc. 53.] Specifically, the Defendant now says that although Ohio does not recognize the professional judgment rule generally, "Ohio does accept the proposition that when an attorney does not commit malpractice *per se*, and when a representation

-6-

Case No. 1:06-CV-733
Gwin, J.

is concluded by settlement, a cause of action for legal malpractice cannot be based upon the mere claim that a better settlement could have been negotiated." *Id.* Once again, the Defendant misreads Ohio law.

In both his motion for summary judgment and his reply brief, the Defendant argues that where a settlement is entered into, there can be no legal malpractice claim against an attorney absent proof of malpractice per se. [Docs. 45, 53.] Yet the case law cited by the Defendant holds – at most – that a plaintiff may still bring a legal malpractice claim after settling an underlying action where the attorney *either* committed malpractice per se *or* acted unreasonably. For example, in *Depugh v. Sladoje*, the Cuyahoga County Court of Appeals explicitly held that:

> a legal malpractice claim is not barred by a settlement with a party in the underlying action where the attorney had *acted unreasonably* or has committed malpractice per se. In our judgment, when an attorney has made an obvious error which seriously compromises his client's claim, and a settlement is on the table . . . the client should not be forced to forego the settlement offer as a condition of pursuing the attorney for malpractice.

111 Ohio App. 3d 675 (emphasis added). Moreover, the Eighth District has also held, in *Monastra v. D'Amore*, that a client does not waive a legal malpractice claim simply by settling their underlying action. 111 Ohio App.3d 296 ("[i]f the evidence should show that [the attorney's] defective representation diminished [the client's] ability to reach a successful settlement or succeed at trial, we see no reason why a waiver of the malpractice claim should be implied by reason of the settlement."). Accordingly, the Court rejects the Defendant's argument that the Plaintiff's claims are barred by the professional judgment rule.

**B.      Disqualification of Trial Judge**

Next, the Defendant argues that his failure to seek disqualification of the trial judge in the

Case No. 1:06-CV-733
Gwin, J.

underlying divorce proceedings cannot constitute malpractice because the trial judge's expression of preliminary opinions did not, as a matter of law, constitute bias or prejudice. [Doc. 45.] Under Ohio law, a judge is obligated to disqualify themselves from a proceeding where "the judge's impartiality might be questioned, including . . . where . . . the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of disputed evidentiary facts concerning the proceeding." Judicial Canon 3(E)(1)(a). Here, the Plaintiff argues that comments made by the trial judge regarding the likely value of certain contested pieces of real estate constituted an expression of "personal knowledge of disputed evidentiary facts" sufficient to require the judge's disqualification. [Doc. 1.] Indeed, the Plaintiff argues that the trial judge's comments were sufficiently egregious in nature that the Defendant's failure to pursue the trial judge's disqualification constituted malpractice. *Id.* The Court finds the Plaintiff's argument unpersuasive.

In the instant case, the comments in question occurred during settlement negotiations. [Docs. 45, 51.] During that meeting, the trial judge said she was familiar with the area where some of the contested property was located and was preliminarily inclined to credit the Plaintiff's husband's valuation over that of the Plaintiff's. *Id.* There is no indication, however, that the trial judge made any final determination regarding the value of the parties' real estate holdings. Although the trial judge could, perhaps, have more artfully articulated her preliminary opinion, the Court rejects the proposition that such statements are sufficient to require disqualification under Ohio law. The Plaintiff fails to cite – and this Court is unaware – of any cases supporting the proposition that such an inoccuous comment requires disqualification, or represents malpractice when an attorney has not sought disqualification. Accordingly, the Court agrees that the Defendant's failure to seek disqualification in this instance cannot, as a matter of law, constitute malpractice because the trial

Case No. 1:06-CV-733
Gwin, J.

judge's statements did not constitute bias or prejudice.

### C. Causation & Proximate Cause

Finally, the Defendant argues that the Court should dismiss the Plaintiff's claims because the Plaintiff has failed to establish that she sustained any damages as a proximate result of the Defendant's conduct. [Doc. 45.] More specifically, the Defendant first argues that the Plaintiff's claims must fail because the Plaintiff has not introduced evidence showing that absent the Defendant's conduct the Plaintiff would have obtained a more favorable result either through trial or settlement. *Id.* Moreover, the Defendant argues that the Plaintiff's claims fail because under Ohio law proximate cause must be established through expert testimony, which the Plaintiff has failed to offer in this case. *Id.* Again, the Court disagrees.

In *Vahila v. Hall*, the Supreme Court of Ohio explicitly rejected the proposition that legal malpractice plaintiffs are required to prove the "case-within-the-case" to establish proximate cause. 77 Ohio St.3d 421 (1997). Rather, in *Vahila* the court held that in order to establish legal malpractice a plaintiff need only introduce evidence establishing that (1) an attorney owed a duty or obligation; (2) there was a breach of that duty or obligation and that the attorney failed to conform to a standard required by law; and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. *Id.* Applying that rule here, the Plaintiff has introduced evidence sufficient to establish a causal connection between the Defendant's alleged conduct and her resulting damages.

The primary issue contested in the underlying divorce proceedings was the total value of the parties' marital assets. More specifically, the crux of the parties settlement discussions in the underlying action appear to have focused exclusively on the value of the properties discussed above.

-9-

Case No. 1:06-CV-733
Gwin, J.

Given such a factual background, the Court finds that the Defendant's purported failure to consult with the Plaintiff's expert who had appraised the contested real estate properties prior to settlement is sufficiently connected to economic loss ultimately suffered by the Plaintiff.  Therefore, the Court rejects the Defendant's assertion that the Plaintiff has failed to provide any evidence establishing proximate cause.

Additionally, the Court  rejects the Defendant's argument that Ohio law requires proximate cause be established only through expert testimony.  In support of the proposition that expert testimony regarding proximate cause is required, the Defendant relies primarily on two cases; *Nu-Trend Homes v. Delibera, Lyons & Bibbo* and *Lewis v. Keller*.  At best, however, both cases stand for the proposition that in *some instances* expert testimony regarding proximate cause may be necessary.

With respect o *Nu-Trend Homes*, for example, the Franklin County Court of Appeals did intimate that expert testimony is "*normally* necessary to establish both that the attorney accused of malpractice has failed to conform with the standard required by law and that the attorney's conduct was the proximate cause of the damage." 2003 WL 1699841 (Ohio App. 10 Dist.),  2003-Ohio-1633 (emphasis added).  The court did not, however, hold that Ohio law always requires such expert testimony.  Similarly, in  *Lewis,* the  Ohio Eighth District Court of Appeals held only that in that instance expert testimony regarding proximate cause was necessary, stating that "[w]e recognize that *Vahila* does not always require this kind of showing [of expert testimony regarding proximate cause], but the circumstances here reasonably demand it."  2004 WL 2495677 (Ohio App. 8 Dist.), 2004-Ohio-5866.

In contrast to the above-cited cases' tepid support for the proposition that expert testimony

Case No. 1:06-CV-733
Gwin, J.

regarding proximate cause is required, ample authority suggests the exact opposite. For example, in *Montgomery v. Gooding, Huffman, Kelly & Becker*, the Northern District of Ohio explicitly held that "although Ohio legal malpractice decisions require expert testimony to establish a breach of duty, expert testimony is not required to establish the issue of proximate cause." 163 F.Supp.2d 831, 837 (N.D. Ohio 2001). Similarly, in *Morris v. Morris*, the Ninth District held that "an expert was not required to testify regarding proximate cause, and the evidence presented at trial was sufficient to allow a jury to determine that [the attorney's] breach of duty proximately caused damages." 2003 WL 21509023 (Ohio App. 9 Dist) at ¶ 34. Indeed, the overwhelming weight of authority indicates that although an expert certainly *may* testify regarding the issue of proximate cause in a legal malpractice cause of action, such testimony is not required. Accordingly, the Court rejects the Defendant's argument that he is entitled to summary judgment because the Plaintiff has failed to offer expert testimony regarding the issue of proximate cause.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** in part the Defendant's motion for summary judgment because the Defendant's failure to seek disqualification of the trial judge in the underlying action cannot, as a matter of law, constitute malpractice in this instance. However, the Court **DENIES** the Defendant's motion for summary judgment as to the Plaintiff's remaining legal malpractice claims.

IT IS SO ORDERED.

Dated: November 16, 2006     s/ *James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE