UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                                                  :
CATHERINE L. BLOOMBERG,              :         CASE NO. 1:06-CV-0733
                                                  :
              Plaintiff,                        :
                                                  :
vs.                                               :         ORDER
                                                  :         [Resolving Doc. No. 106]
JACOB A.H. KRONENBERG,              :
                                                  :
              Defendants.                     :
                                                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        The Plaintiff, Catherine Bloomberg, files a motion for a new trial pursuant to F.R.C.P. 59.

Defendant Jacob A.H. Kronenberg ("Kronenberg") opposes this motion. For the following reasons,

the Court **DENIES** the Plaintiff's motion.

## I.  BACKGROUND

        In this legal malpractice case, the Plaintiff alleged that the Defendant's legal representation

during the course of the Plaintiff's divorce proceedings breached the professional standard of care.

[Doc. 1.] In the underlying divorce proceedings, the parties primarily contested the total value of

the marital estate. *Id.* On November 29, 2006, a jury returned a verdict in favor of the Defendant

and against the Plaintiff. [Doc. 102.]

## II. LEGAL STANDARD

        Under Rule 59(a) of the Federal Rules of Civil Procedure, courts can grant a new trial when

the verdict is against the weight of the evidence, the damages are excessive, or for other reasons if

Case No. 1:06-CV-733
Gwin, J.

the trial was unfair or prejudiced against the moving party. *See Holmes v. City of Massillon*, 78 F.3d 1041, 1045 - 46 (6th Cir. 1996). Showing substantial errors in the admission or rejection of evidence or the giving of or refusal to give proper jury instructions can establishes prejudice. *See id.*

The Court denies a motion for new trial if the verdict is one that a jury could reasonably reach, regardless of whether the Court might have reached a different conclusion were it the trier of fact. *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994); *United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir. 1993).

Rule 59(e) motions serve a limited purpose and the Court should grant them only (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law; or (4) to prevent a manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999).

### III. ANALYSIS

With her motion for a new trial, the Plaintiff says that she is entitled to a new trial pursuant to F.R.C.P 59(a) because the verdict was against the weight of the evidence. [Doc. 106.] Specifically, Plaintiff Bloomberg argues that a new trial is appropriate because the jury found in favor of the Defendant despite the fact that the Defendant, "without defense or explanation," ignored a martial property valuation provision in the Prenuptial Agreement that would have benefitted the Plaintiff. *Id.* The provision cited by the Plaintiff says that where the parties are unable to agree upon the value of the marital properties, each party's appraiser is to select a third appraiser and the average of the three appraisals should be utilized as the properties' value. *Id.* In light of the fact that the Defendant did not deny that he failed to utilize the provision cited, the Plaintiff argues that

Case No. 1:06-CV-733
Gwin, J.

the jury's verdict is against the weight of the evidence and the she is therefore entitled to a new trial. *Id.* The Court finds the Plaintiff's argument unpersuasive.

In support of her motion for a new trial, the Plaintiff focuses on the fact that the Defendant "presented no defense" at trial regarding why he failed to utilize the property valuation provision cited above. *Id.* Specifically, Plaintiff Bloomberg argues that the jury verdict for the Defendant should be set aside based upon the Defendant's failure to address the provision despite the fact that the "Plaintiff, in her case in chief, introduced the Prenuptial Agreement through her own testimony, through Defendant, and through liability expert Edgar Boles, Esq." *Id.* The Court agrees that the Defendant's failure to respond to this argument at trial would be problematic except for one critical fact – the Plaintiff didn't pursue this theory of liability at trial.

During the course of the two-day trial, the Plaintiff certainly could have argued that the Defendant breached the duty of care he owed to the Plaintiff by failing to invoke the property division mechanism the Plaintiff now argues is mandatory. Presumably, the Plaintiff could have presented a number of other cognizable legal theories as well. But in considering a party's motion for a new trial, this Court is limited to considering arguments actually made to the jury. *Kusens v. Pascal Co., Inc.*, 448 F.3d 349, 367 (6th Cir. 2006) ("Plaintiff is not entitled to a new trial to establish the elements of the claim he failed to make out when he presented his case to a jury. He has already had his one 'bite of the apple' and he failed.")

Here, the argument actually advanced by Plaintiff at trial was that (1) the Defendant breached the standard of care; and (2) in determining damages, the jury should completely disregard the Defendant's property appraisals and instead credit those provided by the Plaintiff. By making the strategic decision to pursue such an argument, as opposed to the theory now advanced in their

Case No. 1:06-CV-733
Gwin, J.

motion for a new trial, the Plaintiff was able to allege that the Defendant's negligence caused damages of $750,000, rather than the $250,833 they now seek.  The jury's ultimate verdict clearly represents the downside to that strategic decision.  Rule 59, however, does not allow parties to reconsider their strategy after a jury has spoken.  Accordingly, the Court denies the Plaintiff's motion for a new trial.

In the alternative, Plaintiff requests that the Court amend the judgment, pursuant to F.R.C.P. 50(e), in Plaintiff's favor in the amount of $250,833.  *Id.*  In support of this argument, Plaintiff Bloomberg says that the Defendant's failure to utilize the property valuation provision discussed above caused damages of at least this amount, which represents what the average of three appraisals would have equaled in the event that "Appraiser X would have valued the properties at the same rock-bottom numbers Mr. Ritley used . . . " *Id.* Under the existing case law, the Plaintiff seems to believe an amendment is justified so as to either (1) correct a clear error of law; or (2) prevent a manifest injustice.  The Court finds that neither of these factors justify an amendment and therefore again denies the Plaintiff's motion.

As was discussed above, the theory that the Plaintiff advances through her post-trial motions differs substantially from the arguments she made at trial.  As with a motion for a new trial, motions to amend are not intended to raise new arguments that should have been made prior to judgment. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Here, it is difficult to understand how the jury's failure to agree with a legal theory not put before them constitutes either an error of law or a manifest injustice.  Moreover, the Court is also doubtful that the Plaintiff has established that they are entitled to an award $250,833 even if their new argument was allowable.  Indeed, it is quite possible that a third appraiser might have valued the marital

Case No. 1:06-CV-733
Gwin, J.

properties contested by the parties in the underlying action at an amount less than Mr. Ritley's

appraisal.  Regardless, however, no basis exists to support the Plaintiff's motion to amend or alter

the judgment in this case.  Accordingly, the Court denies the Plaintiff's motion.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** both the Plaintiff's motion for a new trial

and the Plaintiff's motion to amend or alter the judgment.

IT IS SO ORDERED.


Dated: January 25, 2006                          s/            *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE